JAMES D. HUEGLI
6500 S. MACADAM AVE. SUITE 300
PORTLAND, OREGON 97239
971-317-6436
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT RICHLAND

| | |
|---|---|
| ASHLEY PITTS, an individual on her own behalf, and as Personal Representative of the Estate of ROBERTO FLORES, deceased, and minor children, AF, minor child, JF, minor child, SF, minor child, KF, minor child,<br><br>       Plaintiffs<br>          vs.<br>RIVERA & SONS INC, a Washington corporation, and ARMANDO ISMAEL CONTRERAS-ARELLANO, an individual,<br>       Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**DECLINING VOLUNTARY ARBITRATION** |

///
///
///

**COMPLAINT - 1**

## COMPLAINT

Plaintiff, Ashley Pitts ("Plaintiff"), is the duly appointed Personal Representative of the Estate of Roberto Flores, deceased, and brings this action on behalf of Roberto Flores, and on behalf of the beneficiaries of the Estate of Roberto Flores, which include: Ashley Pitts, widow, and as mother and natural guardian of the decedent's minor children AF, daughter, JF, son, SF, daughter, and KF, daughter.

## PARTIES

1. Plaintiff, Ashley Pitts as an individual and Personal Representative of the Estate of Roberto Flores, is a natural person who resides in Umatilla County, Oregon and the surviving spouse of Roberto Flores.

2. Plaintiff, AF, the minor child of Roberto Flores and Ashley Pitts, who resides in Umatilla County, Oregon.

3. Plaintiff, JF, the minor child of Roberto Flores and Ashley Pitts, who resides in Umatilla County, Oregon.

4. Plaintiff, SF, the minor child of Roberto Flores and Ashley Pitts, who resides in Umatilla County, Oregon.

5. Plaintiff, KF, the minor child of Roberto Flores and Ashley Pitts, who resides in Umatilla County, Oregon.

6. At all material times, Defendant Rivera & Sons Inc. was and is a Washington Corporation.

7. At all material times, Defendant Armando Ismael Contreras-Arellano. was and is a Washington resident. He is sued in his individual capacity.

### I.  JURISDICTION AND VENUE

8. Original jurisdiction is proper in the United States District Court

pursuant to 28 U.S.C. § 1332(a)(3) as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States to wit:

    a) the Decedent, Roberto Flores (hereinafter "Flores"), at the time of his death was a resident of the State of Oregon, and the plaintiff, Ashley Pitts, individually and in her representative capacity, was and is a resident of the State of Oregon;

    b) the Defendant, RIVERA & SONS INC, is a corporation organized and existing under the laws of the State of Washington with its principal place of business in the State of Washington; and

    c) the Defendant, ARMANDO ISMAEL CONTRERAS-ARELLANO, (hereinafter referred to at "Defendant Arellano) is a resident of the State of Washington.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims asserted in this action, including the Defendants' misconduct and omissions, occurred in the judicial district where this action is brought and because Defendants are subject to personal jurisdiction in the District of Washington.

## GENERAL ALLEGATIONS

10. On or about August 20, 2020, Defendant Rivera & Sons Inc. (hereinafter "Rivera") employed Defendant Armando Contreras-Arellano (hereinafter "Arellano") as a driver operating a 1999 International semi-truck owned by Rivera.

11. At approximately 5:25 a.m. on August 20, 2020 Defendant Arellano was driving his semi-truck northbound on S. Plymouth Dr. in Benton County,

**COMPLAINT - 3**

Washington. Defendant Arellano was driving at least 60 to 62 mph. The posted speed limit was 50 mph.

12. Decedent Flores had just finished supervising the loading of the trucks at his facility located at 142503 S. Plymouth Rd. in Benton County, Washington. He exited the property, driving his Chevrolet Silverado, turning south on. S. Plymouth Rd. to get breakfast, as was his normal habit.

13. Decedent Flores was driving approximately 8 mph as he exited the facility and was turning south on S. Plymouth.

14. Defendant Arellano saw Decedent Flores approaching the exit to the property from approximately 450 ft. away. Defendant Arellano knew vehicles frequently entered the road at this location and he failed to slow his semi-truck. Defendant Arellano's semi-truck struck Decedent Flores' Chevrolet at a high rate of speed without braking. Decedent Flores was ejected from his vehicle, struck the windshield of the semi-truck and then fell to the ground. Defendant Arellano's semi-truck then drove over Decedent Flores.

15. Defendant Arellano stated that after the impact, he unlatched his seatbelt and crawled under the dash of the semi-truck while the truck was still moving and crawled in to a ball. He stated that he stayed in this position as the semi-truck veered west and drove approximately 412 feet in to the adjacent field.

16. Defendant Arellano did not call the police but chose to call his supervisor, Santos Angel Gomez Herrera, who told Defendant Arellano that he would come to the scene. Mr. Gomez Herrara also did not call the police but instead drove to the scene of the accident and spoke with Defendant Arellano. Mr. Gomez Herrara left the scene before the police arrived.

17. Another truck approached the scene, stopped, and called 911 to report the accident.

18. A subsequent investigation revealed that Defendants were in violation of the following Federal Motor Carrier Safety Regulations at the time of the crash:

    a. 49 CFR § 396.3a1: 4 out of 8 brakes were inoperable requiring the vehicle to be out of service; and

    b. 49 CFR § 383.23a1: Defendant Arellano did not possess a commercial driver's license and was prohibited from driving the vehicle.

19. Defendant Arellano also admitted to the Police that he was speeding, driving 60 to 62 mph in a 50-mph zone.

## CAUSES OF ACTION

20. Plaintiff incorporates paragraphs 1 through 19 above by reference and as though fully set forth herein.

21. On August 20, 2020, Defendant Arellano, and Defendant Rivera by way of employment and/or agency, were negligent in the following manner:

    a. By failing to maintain proper speed under then existing circumstances;

    b. By failing to maintain proper lookout under then existing circumstances;

    c. By failing to maintain proper control under then existing circumstances;

    d. Operating a commercial vehicle on a public highway without the required commercial license as required by 49 CFR §383.23(a);

    e. By failing to possess the necessary skill, training and experience to safely operate the 1999 International semi-truck;

    f. In operating the 1999 International semi-truck at speeds over 50 mph in direct violation of RCW 46.61.400;

     g. In operating the commercial vehicle that utilizes air brakes without passing the required air brake competency test as required by the Washington State Department of Licensing;

     h. By failing to perform a pre-trip vehicle inspection which would have revealed 4 of 8 air brakes were inoperable making the vehicle unsafe for operation;

     i. By operating the 1999 International semi-truck with 4 of 8 air brakes inoperable and thus unsafe to operate.

22. On August 20, 2020 and as a direct and proximate result of one or more of the foregoing allegations of negligence, Defendants' semi-truck collided with Decedent's vehicle causing him to suffer personal injuries that resulted in his death.

23. At the time of his death, Decedent Roberto Flores left surviving certain next of kin, including his four young children and wife, for whose benefit this wrongful death action is brought pursuant to RCW 4.20.010 and RCW 4.20.020.

## DAMAGES

24. Plaintiff incorporates paragraphs 1 through 19, above, by reference and as though fully set forth herein.

25. As the direct and proximate result of the August 20, 2020 crash previously described herein, Plaintiff has suffered damages, including but not limited to the following:

     a. General damages suffered by Ashley Pitts arising out of the loss of her husband, Decedent Roberto Flores, including but not limited to: loss of care, comfort, support, society, and companionship.

     b. General damages suffered by AF, minor child, arising out of the loss of her father, Decedent Roberto Flores, including but not

**COMPLAINT - 6**

limited to: loss of care, comfort, support, society, and companionship.

c. General damages suffered by JF, minor child, arising out of the loss of his father, Decedent Roberto Flores, including but not limited to: loss of care, comfort, support, society, and companionship.

d. General damages suffered by SF, minor child, arising out of the loss of her father, Decedent Roberto Flores, including but not limited to: loss of care, comfort, support, society, and companionship.

e. General damages suffered by KF, minor child, arising out of the loss of her father, Decedent Roberto Flores, including but not limited to: loss of care, comfort, support, society, and companionship.

f. Special damages for personal property, and funeral and burial expenses and other miscellaneous expenses occasioned by the death of Decedent Roberto Flores;

g. General damages and special damages for the personal injury to Decedent Roberto Flores which occasioned his death, for his awareness and fear of impending doom, and pre-death pain and suffering. This cause of action is maintained pursuant to RCW 4.20.046 and RCW 4.20.060 for the benefit of those statutory beneficiaries designated in RCW 4.20.020 and RCW 4.20.060;

h. Special damages for the destroyed earning capacity, and net loss to the Estate of Roberto Flores occasioned by his premature death; and

      i. Such other and further damages as may be proven at the time of trial on behalf of the Estate of Robert Flores or any and all beneficiaries thereof.

26. WHEREFORE Plaintiff, Ashley Pitts, as Personal Representative of the Estate of Roberto Flores, deceased, and minor children, AF, minor child, JF, minor child, SF, minor child, KS prays that judgment be entered in her favor and against Defendants Rivera and Arellano and each of them, in a sum in excess of seventy-five thousand dollars ($75,000) together with prejudgment interest, attorneys' fees and costs of the action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on her complaint in the above-entitled action.

Dated: June 7, 2022

/s/ James D. Huegli
Huegli Law
6500 S. Macadam Ave. Suite 300
Portland, Oregon 97239
971-317-6436
Attorney for Plaintiff

jim@hueglimediation.com

**COMPLAINT - 8**